UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| RODNEY D. COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 11-0051-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Rodney D. Collins and Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). [Record Nos. 10, 11] Collins argues that the Commissioner erred in failing to provide a detailed explanation for rejecting his complaints of disabling pain. Additionally, he contends that the Commissioner erred in substituting his opinion for that of Collins' treating physicians. As a result, Collins seeks a remand for an award of benefits or, alternatively, a remand for a new hearing before a different Administrative Law Judge ("ALJ"). However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed.

After reviewing the administrative record and the parties' briefs, the Court will grant the Commissioner's motion and deny the relief sought by Collins. The Court concludes that:

(i) the ALJ did not improperly evaluate Collins' credibility or his claims of disabling pain;

(ii) the ALJ did not improperly substitute his opinion for that of the Collins' physicians; and

(iii) substantial evidence supports the Commissioner's decision that Collins is not disabled under the Social Security Act but is capable of performing work even with the functional limitations attributed to him by the ALJ.

## I.

On July 31, 2007, Collins filed applications for a period of disability and disability insurance benefits under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI of the Act. He alleged disability beginning December 15, 2006.[1] [Tr., pp. 104-111] These applications were denied initially and upon reconsideration. Thereafter, a request for hearing before an ALJ was timely filed. Collins, his attorney, and vocational expert ("VE") Joyce Forrest, appeared before ALJ Gloria B. York on July 8, 2009, for a video hearing. [Tr., pp. 18-49] In a hearing decision dated November 2, 2009, ALJ York found that Collins was not disabled under sections 216(i) and 223(d) of the Social Security Act and, therefore, was not entitled to a period of disability or disability insurance benefits. The ALJ further found that Collins was not entitled to SSI because he was not disabled under section 1614(a)(3)(A) of the Act. [Tr., pp. 9-17]

---

1      Collins received disabled child's SSI benefits from May 1993 through January 2000. He filed an earlier application for benefits after being advised that his disability would cease. That application was denied on October 8, 1999. The ALJ assigned to his present administrative case found no reason to re-open that prior determination. [Tr., p. 9] Therefore, this Court does not have jurisdiction to review the actions of the Commissioner regarding the earlier claim. *Califano v. Sanders*, 430 U.S. 99, 107-08 (1977); *Blancha v. Secretary of Health and Human Services*, 927 F.2d 228, 231 (6th Cir. 1990).

Collins was twenty-eight years old at the time of the administrative hearing.  He has a general equivalency diploma ("GED") and work experience as a data entry operator and security guard.  [Tr., pp. 23-24, 136, 173] Collins alleges that he is disabled due to a variety of conditions including generalized anxiety disorder, stomach pain, back pain, and a history of alcohol and drug abuse which is in remission.  [Tr., pp. 23-30, 130, 135]  After reviewing the record and the testimony presented during the administrative hearing, the ALJ concluded that Collins suffered from generalized anxiety disorder, but that his other claims impose no more than a slight or minimal limitation on his ability to perform basic work-related activities.  Thus, he concluded that these other alleged conditions were not severe within the meaning of the Social Security Act. [Tr., p. 12]

Notwithstanding the impairment relating to anxiety, the ALJ found that Collins retained the residual functional capacity ("RFC")

> for work at all exertional levels, but he has an unaffected ability to understand, remember, and carry out instructions toward the performance of simple tasks; has a moderate (occasionally occurring) limitation in the ability to tolerate stress and pressure; has a slight limitation in the ability to sustain attention and concentration toward the performance of simple repetitive tasks; and has a moderate (occasionally occurring) limitation in the ability to respond appropriately to supervision, co-workers, and work pressures in the work setting (see Exhibits 5F and 21F).

[Tr., p. 13]  As a result of this assessment, Collins was found to be able to perform several types of work existing in the national and regional economies, including horticultural worker, farm worker, and janitor/custodian. [Tr., pp. 15-16]  The ALJ denied Collins's request for a period of disability, disability insurance benefits, and SSI.  [Tr., p. 17]

## II.

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); *see also* 42 U.S.C. § 423(d)(1)(A). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)); *see also* 20 C.F.R. § 416.920(a)(4). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, the claimant must demonstrate that he is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that he suffers from a severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's residual functional capacity and relevant past

work to determine whether he can do past work.  If he can, he is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).

Under the fifth step of the analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether he can perform other work.  If he cannot perform other work, the Commissioner will find the claimant disabled.  20 C.F.R. §§ 404.1520(g), 416.920(g).  The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform."  *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied.  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).  The substantial evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court.  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).  Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion.  *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

## III.

Collins argues that the Commissioner's final decision regarding the denial of benefits should be reversed and remanded for further proceedings for two reasons. First, he contends that the ALJ erred in evaluating his testimony regarding his pain symptoms and limitations that existed before the onset date of his alleged disability. [Record No. 11, pp. 3-4] Second, he asserts that the ALJ erred in substituting her opinion for that of the treating physicians of record. [Record No. 4-5] However, after considering the administrative record and the ALJ's rationale for the weight given to these opinions, the Court finds both arguments unavailing.

### A. The ALJ Properly Evaluated the Claimant's Credibility and Complaints of Pain.

Although Collins acknowledges that the ALJ may properly assess allegations of pain as part of his credibility determination, he contends that the ALJ erred because she failed to properly explain her reasons for rejecting his testimony. [Record No. 11, pp. 3-4] Citing

Social Security Ruling 96-7p, he argues that, "it is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.' It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms.'" *Id.* Again, however, the Court finds that the ALJ properly explained the basis for giving little weight to Collins' testimony.

As an initial matter, the Court notes that the primary credibility determination in this action concerns Collins' claims regarding his mental impairment, as opposed to physically disabling pain.[2] The medical records simply do not support any assertion that he is disabled as a result of stomach or back pain.[3] At pages 7 through 9 of her decision, ALJ York explains the reasons for giving limited weight to Collins' testimony concerning his impairments. After outlining the factors to be considered is assessing pain allegations, the ALJ reviewed the documentary evidence as well as the testimony provided by Collins during the administrative hearing. Based on all of this evidence, ALJ York noted that while Collins does suffer from an anxiety disorder, he appears to exaggerate his symptoms. Further, the psychologists who evaluated Collins in September 2007 and August 2009 reported only

---

[2]    The Commissioner correctly argues that Collins has not provided any substantive argument regarding this issue. As a result, he asserts that this argument has been waived. [Record No. 11, p. 5] While this argument has considerable merit, the Court will proceed to address Collins' claim.

[3]    As the ALJ noted in her opinion, Collins was treated for back pain following a car accident in September 2004. However, he has not experienced any significant symptoms since then. Further, while Collins was treated for stomach pain in 2000, it does not appear from the medical records that he has experienced ongoing difficulty.

moderate limitation. Following her review of these materials, the ALJ accorded great weight to the psychologists' reports and conclusions. [Tr., pp. 13-15] More specifically, the ALJ noted that:

> Although the claimant does have an anxiety disorder, he appeared to exaggerate his symptoms both in his testimony and when seen by the consultative psychologist in August 2009. Both the psychologists who evaluated him in September 2007 and the one who saw him in August 2009 reported only moderate limitation, and the [ALJ] is in agreement. While the claimant has one exacerbation of symptoms in March 2008, his symptoms have generally been controlled before and since then. It is notable he was intoxicated at that time. . . . As for the opinion evidence, the [ALJ] accords great weight to the reports in Exhibits 5F and 21F with a moderate limitation in function. None of the treating mental health professionals have noted the claimant cannot work or has greater limitation.

[Tr., p. 15]

The ALJ's credibility determination is entitled to "great weight and deference" provided it is "reasonable and supported by substantial evidence in the record." *Jones*, 336 F.3d at 476. In light of the objective medical evidence in the record, that standard is more than met here. As the Sixth Circuit has recognized,

> [w]hile it might be ideal for an ALJ to articulate his reasons for crediting or discrediting each medical opinion, it is well settled that[] "an ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts."

*Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507-08 (6th Cir. 2006) (applying harmless-error standard where "the ALJ merely failed to explain why he favored several examining physicians' opinions over another's").

**B.     The ALJ Did Not Err By Substituting His Opinion For The Opinions of Physicians Of Record.**

Collins also argues that ALJ York improperly substituted her opinion for the contrary opinions of treating physicians. The Court does not find this argument to be well-taken. Instead, the Court concludes that the ALJ properly considered all medical evidence relating to Collins' claimed impairments.[4]

Generally, the opinion of a source who has examined the claimant is entitled to greater weight than the opinion of a non-examining source. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). In deciding how much weight to give an opinion, however, the ALJ must consider a number of other factors, including how consistent the opinion is with the record as a whole. 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4); *see also Warner v. Comm'r of Soc. Sec.*, 375 F3d. 387, 390-91 (6th Cir. 2004) (weight to be given to physician's opinion depends on the extent to which it is supported by the objective medical signs and laboratory findings and is consistent with the record as a whole). The ALJ must explain the weight he gives to an opinion. 20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2)(ii).

In the present case, Collins does not identify which medical opinions were rejected or given limited weight by the ALJ. Rather, his attorney contends that "the medical evidence of record clearly indicates that the claimant has and continues to suffer from anxiety. The claimant has been diagnosed with major depressive disorder and was hospitalized in 2008

---

4       Again, the Commissioner correctly notes that Collins has failed to properly develop this argument and has failed to cite any evidence in the record in support. [Record No. 11, p 11]

for suicidal ideation. The claimant has also been hospitalized on multiple occasions for panic attacks." [Record No. 10, p. 4]

The ALJ addressed the documentary evidence and acknowledges that the claimant suffers from generalized anxiety disorder. However, based upon all medical evidence and testimony submitted for her review, she concluded that the limitations associated with this disorder impose only a moderate limitation on Collins' ability to maintain social functioning and concentration, persistence, and pace and a mild limitation on his ability to maintain the activities of daily living. Again, this conclusion is consistent with the opinions of the consulting psychologists who evaluated the claimant. [Tr., p. 13]

### C. Substantial Evidence Supports the Commissioner's Decision.

During the administrative hearing, ALJ York posed a hypothetical question to the VE which included the residual functional limitations affecting Collins. [Tr., pp. 43-44] In response, the VE testified that while the claimant would be unable to perform his past work, there were jobs that he could perform. Testimony by a VE in response to a hypothetical may serve as substantial evidence in support of an ALJ's determination that there is work the claimant can perform, provided the hypothetical "accurately portrays [the claimant's] individual physical and mental impairments." *Howard*, 276 F.3d at 238 (internal quotation omitted). An ALJ must first "evaluat[e] the medical evidence and the claimant's testimony to form an 'assessment of [her] residual functional capacity.'" *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) (quoting 20 C.F.R. § 416.920(a)(4)(iv)) (second alteration in original). Then, "[t]he vocational expert testifies on the basis of [the] claimant's 'residual

functional capacity and . . . age, education, and work experience'" to determine whether the claimant can do her past relevant work or "'can make an adjustment to other work.'" *Id.* (quoting 20 C.F.R. § 416.920(a)(4)(v)); 20 C.F.R. §§ 404.1560(b), 416.960(b).

Here, substantial evidence supports the ALJ's findings regarding Collins' limitations. Therefore, the VE's testimony in response to a hypothetical based on the claimant's RFC is substantial evidence supporting the ALJ's finding that Collins is not disabled as that term is defined under the relevant Social Security regulations.

## IV.

Although Collins suffers from generalized anxiety disorder, he has not established that his symptoms are severe enough to warrant supplemental security income, a period of disability, or disability insurance benefits. The ALJ did not give improper weight to the opinion of any treating physicians or to the opinions of consultative psychologists. Further, the hypothetical posed to the vocational expert and adopted by the ALJ accurately reflected Collins' physical and mental limitations based on the evidence in the record. Viewing the record as a whole, substantial evidence supports ALJ York' determination that Collins is not disabled. Accordingly, it is hereby

**ORDERED** as follows:

(1) Plaintiff Rodney D. Collins' Motion for Summary Judgment [Record No. 10] is **DENIED**;

(2) Defendant Michael J. Astrue's Motion for Summary Judgment [Record No. 11] is **GRANTED**; and

(3)     The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 20th day of July, 2011.



Signed By:

*Danny C. Reeves*

United States District Judge